| STATE OF NORTH CAROLINA | File No. 15CV014946 |
|---|---|
| Wake County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

**Name Of Plaintiff**
Deanna J. Williams

**Address**
3031 Ripley Station, Apartment 302

**City, State, Zip**
Raleigh    NC    27610

**VERSUS**

**Name Of Defendant(s)**
WakeMed

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3, 4

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

### To Each Of The Defendant(s) Named Below:

**Name And Address Of Defendant 1**
Donald R. Ginzig, Process Agent for
WakeMed
P.O Box 14465
Raleigh    NC  27620-4465

**Name And Address Of Defendant 2**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)**
David G. Schiller
Professional Park at Pleasant Valley
5540 Munford Road, Suite 101
Raleigh    NC   27612

**Date Issued:** 11/3/15    **Time:** 3    ☐ AM  ☒ PM
Signature
☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement** / **Time** / ☐ AM ☐ PM
Signature
☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 6/11    (Over)
© 2011 Administrative Office of the Courts

**EXHIBIT A**

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| WAKE COUNTY | SUPERIOR COURT DIVISION |

FILED
2015 NOV -3 PM 3:40
WAKE COUNTY, C.S.C.
BY _____

```
DEANNA J. WILLIAMS,      )
                         )
     Plaintiff,          )        COMPLAINT
                         )
v.                       )        (Jury Trial Requested)
                         )
WAKEMED,                 )
                         )
     Defendant.          )
```

COMES NOW Plaintiff Deanna Williams ("Ms. Williams") by and through undersigned counsel and hereby alleges the following:

## I. PRELIMINARY STATEMENT

1. Ms. Williams brings this case under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. against her former employer Defendant WakeMed.

2. WakeMed violated the FMLA by interfering with Ms. Williams's exercise of her FMLA rights, by discriminatorily firing her, and by refusing to reinstate her. Ms. Williams applied for FMLA leave to care for her two minor children. When Ms. Williams's supervisors learned that her leave was not approved for her son, they fired her. Ms. Williams demonstrated to her supervisors that her leave had been approved for her daughter; however, they refused to reinstate her.

3. Ms. Williams seeks monetary relief and compensatory damages pursuant to 29 U.S.C. § 2617.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction based upon 29 U.S.C. § 2617(a)(2).

5. Ms. Williams lives in Wake County, North Carolina, and the unlawful acts described in this Complaint occurred in Wake County. Hence, venue is appropriate in Wake County.

## III. PARTIES

6. Plaintiff Williams is a citizen of the United States who was employed by WakeMed as a Nurse Assistant from March 24, 2014 until April 30, 2015, in WakeMed's facility located at 3000 New Bern Avenue, Raleigh, North Carolina 27610.

7. Defendant WakeMed is a business organized under the laws of North Carolina that provides medical services in the State of North Carolina. WakeMed is located in Wake County, North Carolina, has continuously employed at least 50 employees, is an "employer" within the meaning of 29 U.S.C. § 2611(4), and may be sued under FMLA.

8. WakeMed violated the FMLA, 29 U.S.C. § 2612(a)(1)(c) (exercise of leave right) by firing Ms. Williams when she attempted to exercise her FMLA leave rights; and 29 U.S.C. § 2615(a)(1) (discrimination) by firing Ms. Williams when she attempted to exercise her FMLA leave right and by refusing to reinstate her when she demonstrated to her supervisors that her FMLA had been approved.

## IV. FACTS

9. On or about March 24, 2014, the WakeMed hired Ms. Williams as a full time Nurse Assistant.

10. Ms. Williams ably performed her job duties while working for WakeMed.

11. During Ms. Williams' time working at WakeMed, both her son and daughter became sick.

12. On or about March 25, 2015, Ms. Williams applied for FMLA leave through Reed Group, WakeMed's third party FMLA coordinator. She requested leave for April 11 and 12, 2015.

13. The basis for Ms. Williams's leave was that her two children had serious medical conditions.

14. Reed Group granted leave beginning March 25, 2015 based upon Ms. Williams's daughter's medical condition.

15. Reed Group did not approve leave for Ms. Williams's son's medical condition.

16. On April 30, 2015, WakeMed managers terminated Ms. Williams, because of Ms. Williams's absences on April 11 and 12, 2015, even though Reed Group had approved leave for both days.

17. On or about May 5, 2015, Reed Group gave WakeMed written confirmation that Ms. Williams's FMLA leave had been approved, a copy of which is attached hereto as **Exhibit A**. Nonetheless, Ms. Williams's supervisors refused to reinstate Ms. Williams.

## V. FIRST CLAIM FOR RELIEF

### Interference with rights - Exercise of rights

### (FMLA, 29 U.S.C 2615 (a)(1))

18. Mrs. Williams adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

19. An FMLA-eligible employee "shall be entitled to a total of 12 work-weeks of leave during any 12-month period for one or more of the following: … (C) In order to care for ... a son, daughter, [who has] a serious health condition." 29 U.S.C. § 2612(a)(1) (emphasis added).

20. Ms. Williams worked for over 12 months for WakeMed. Ms. Williams also had at least 1,250 hours of service for WakeMed. WakeMed regularly employs more than 50 employees at its New Bern Road facility. Ms. Williams is an FMLA "eligible employee." 29 U.S.C. § 2611(2).

21. WakeMed is engaged in commerce and employs more than 50 employees for each working day during each of 20 or more calendar workweeks during 2014 and 2015 at its New Bern Road facility. Ms. Williams is an FMLA "employer." 29 U.S.C. § 2611(4)(A).

22. Ms. Williams sought FMLA leave to care for her biological daughter, who is under 18 years old, and, therefore, is a covered individual under 29 U.S.C. § 2611(12)(A).

4

23. Ms. Williams's daughter had an illness or impairment that involves inpatient care in a hospital. Ms. Williams's daughter had a "serious health condition" under the FMLA. 29 U.S.C. § 2611(11)(A).

24. Ms. Williams's daughter had an illness or impairment that involves continuing treatment by a healthcare provider. Ms. Williams's daughter had a "serious health condition" under the FMLA. 29 U.S.C. § 2611(11)(B).

25. FMLA, 29 U.S.C. § 2612(a) prohibits the employer from interfering with employees who exercise their FMLA rights.

26. On April 30, 2015, WakeMed unlawfully interfered with Ms. Williams's exercise of her FMLA rights, in violation of FMLA, 29 U.S.C. § 2612(a).

## VI. SECOND CLAIM FOR RELIEF

### Interference with rights – Discrimination

### (FMLA, 29 U.S.C 2615 (a)(2))

27. Ms. Williams adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

28. FMLA, 29 U.S.C. § 2615(a)(2) prohibits employers from discriminating against employees who exercise their FMLA rights.

29. WakeMed unlawfully discriminated against Ms. Williams for exercising her FMLA rights, in violation of FMLA, 29 U.S.C. § 2615(a)(2).

5

## VII. DAMAGES

30. As a direct and proximate result of said unlawful employment practices and disregard for Ms. Williams's rights and sensibilities, she has lost and will continue to lose substantial income including, but not limited to, wages, social security, pension and seniority benefits, and other benefits due her.

31. As a further direct and proximate result of said unlawful employment practices, Ms. Williams has suffered the indignity of discrimination, the invasion of her right to be free from discrimination, and great humiliation.

32. As a further direct and proximate result of said unlawful employment practices, Ms. Williams has suffered mental anguish, outrage, and anxiety about her future and her ability to support herself and her family, harm to her employability and earning capacity, painful embarrassment among her friends and co-workers, damage to her good reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life.

33. Ms. Williams has been damaged by WakeMed's conduct described in this Complaint in an amount in excess of twenty five thousand dollars ($25,000.00).

## PRAYER FOR RELIEF

WHEREFORE, Ms. Williams respectfully requests the following relief:

1. That all issues of fact raised by this pleading be tried by a jury;

2. That the Court declare that the acts and practices complained herein are in violation of FMLA;

3. That the Court direct WakeMed to reinstate Ms. Williams;

4. That the Court direct WakeMed to cease and desist from telling Ms. William's prospective employers that she was fired for unexcused absence or that she is ineligible for re-hire;

5. That Ms. Williams have and recover of WakeMed for interference with exercise and discrimination, in violation of FMLA, compensatory damages in an amount exceeding $25,000.00;

6. That the Court award Ms. Williams reasonable attorney's fees as provided by FMLA, 29 U.S.C § 2617(a)(3);

7. That the Court direct WakeMed to pay Ms. Williams such interest as may be allowed by law;

8. That the costs of this suit be taxed against WakeMed; and

9. That the Court order such other and further relief as may be just, proper, and necessary to afford complete relief to Ms. Williams.

Respectfully submitted, this the 3rd day of November, 2015.

                    SCHILLER & SCHILLER, PLLC

By:   _____
       David G. Schiller (NCSB # 26713)
       Professional Park at Pleasant Valley
       5540 Munford Road, Suite 101
       Raleigh, NC 27612
       Telephone: (919) 789-4677
       Facsimile: (919) 789-4469
       Email: David@SchillerFirm.com

       <u>Attorney for Plaintiff</u>



05/04/2015

DEANNA JEANETTA WILLIAMS
3031 RIPLEY STATION WAY
APT 302
RALEIGH, NC 276100000



EXHIBIT A

RE: Leave ID 874458661387

Dear DEANNA JEANETTA WILLIAMS:

On 03/24/2015, we received, from you or on your behalf, a request for Intermittent leave due to Family Health Condition. This request was submitted for the time period of 03/25/2015 through 09/22/2015. We have reviewed the information provided to support this leave request and have made the following determination under applicable federal and state law and your company's policies:

**Plan Status Summary**

| Plans | From | Through | Status | Reason |
|---|---|---|---|---|
| Family Medical Leave Act | 03/25/2015 | 09/22/2015 | Approved | |

**Plan Usage Summary**

| Plans | Hours as of Today | | Hours as of Leave End Date*** | |
|---|---|---|---|---|
| | Used | Remaining | Used | Remaining |
| Family Medical Leave Act | 24 hour(s) / 0.67 week(s) | 408 hour(s) / 11.33 week(s) | 24 hour(s) / 0.67 week(s) | 408 hour(s) / 11.33 week(s) |

***Please note that the Time Used and Time Remaining columns above include all individual intermittent absences reported for this leave as of the date of this letter. It does not include a projection of additional time you might use during the approved leave period.

All or part of your request for leave has been approved; please refer to the table above for detailed information. Each individual absence must be reported to Reed Group at 800-423-2765 as soon as possible, but no later than two business days following the absence. You are certified for the following intermittent absences for your approved leave reason:

| Absence Type | From | Through | Hours Per Absence | Number of Absences | Time Frame for Absences |
|---|---|---|---|---|---|
| Incapacity/Unspecified | 03/25/2015 | 09/22/2015 | 24.00 | 1 | 3 month(s) |
| Office Visit | 03/25/2015 | 09/22/2015 | 2.00 | 1 | 3 month(s) |

If your absences pursuant to this leave exceed the frequency and/or duration of the approved leave, you may be required to obtain a new certification from your provider.

If you have any questions, please don't hesitate to contact Reed Group at 800-423-2765, and we will be happy to assist you.

Determination - 874458661387 - WakeMed Health and Hospitals